[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This lawsuit first came to this Court by writ, summons and complaint dated April 14, 1997 and returnable May 6, 1997 claiming a dissolution of marriage, joint custody and or visitation with the minor children, support for the minor children, alimony, medical health insurance, equitable distribution of property and allocation of responsibility for debts, restoration of maiden name to Maureen J. Khan, temporary and permanent relief from physical abuse by the Defendant and such other relief as law and equity may allow.
The petition was brought by the Plaintiff in a pro se status.
A motion for joint custody and visitation and a financial affidavit accompanied the complaint.
The Defendant appeared by counsel on May 2, 1997.
The Defendant filed an answer to the complaint and a cross complaint on May 2, 1997.
In the cross complaint, the Defendant claimed a dissolution of marriage, custody of minor children, child support and a fair and equitable property settlement.
On May 22, 1997, counsel appeared for the Plaintiff.
On June 10, 1997, the Court approved a schedule of visitation and referred the matter to Family Relations for study.
On July 28, 1997, Ingrid Cormier of the Family Relations Division was appointed as guardian ad litem for the minor children by the Court, Parker, J.
On July 28, 1997, the matter was claimed for the Family Relations Trial List.
The matter came on for trial before the Court on September 15, 1998 and September 16, 1998, when the parties with their counsel and witnesses appeared and were heard by the Court. CT Page 11390
The Court makes the following findings of fact.
The Plaintiff and the Defendant intermarried at Waterford on November 26, 1983.
Both the Plaintiff and the Defendant have resided in this State for more than 12 months prior to the issuance of the writ.
The marriage of the parties has broken down irretrievably with no reasonable prospect of reconciliation.
The Plaintiff and the Defendant have two minor children born prior to the marriage but issue of the marriage; namely, Matthew Lacoss, born May 25, 1981, and Jonathan Lacoss, born May 3, 1983.
The Plaintiff is age 38.
The parties are not the recipients of public welfare.
At the age of 10, the Plaintiff underwent a hemipelvectomy partial with complete loss of her right lower extremity due to cancer. See Plaintiff's Exhibit A-1, Thames River Orthopedic Group, also Exhibit A-3, Thames River Group and Plaintiff's Exhibit A-4.
Plaintiff now has a 74% curvature of the spine, suffers from rib compression and scoliosis.
Plaintiff feels pressure on her internal organs and resultant pain.
Plaintiff suffers from neck and headache pain and is on a regimen of medication.
The Plaintiff is not employed, see her financial affidavit, and in 1981 applied for Social Security Disability as totally disabled, which was granted.
The Plaintiff has long-term medical needs and there is the prospect of her undergoing an operation which would require her being in a body cast for as much as one year.
The Plaintiff uses a wheelchair and special crutches.
The Plaintiff began wearing a full body brace in January CT Page 11391 1998.
Plaintiff's monthly Social Security income is $478.00.
Plaintiff has recently resided with her parents.
On September 8, 1997, the Court, Martin, J., granted the Plaintiff alimony pendente lite in the amount of $100.00 weekly.
There is presently an arrearage due the Plaintiff in the amount of $1,300.00.
On November 22, 1996, the Plaintiff sustained bruises and contusions when a large Rubbermaid container filled with clothes struck her.
On December 17, 1996, the Plaintiff sustained bruises and contusions as a result of a table being shoved against her.
The Plaintiff claimed both incidents were deliberate conduct by the Defendant.
The Defendant claimed the incidents were accidents.
On the occasion of the December 17, 1996 incident, the authorities were called but no action taken.
After the December 17, 1996 incident, the Plaintiff left the home and resided with her parents and subsequently her sister.
After the December 17, 1996 incident, the Plaintiff left the State briefly returning in May and kept in contact with her children by America On Line and by phone.
The parties jointly own certain real estate known as 587 Vauxhall St. Ext., Waterford, which has been their home.
The Vauxhall St. property has been appraised at $138,000.00. See Plaintiff's Exhibit C-1.
The mortgage on the Vauxhall St. property is delinquent since June 1998 and the sum of $2,622.00 is required to cure the default. The bank, Liberty Bank, has given notice of default and foreclosure proceedings are in the offing. See Plaintiff's Exhibit C-2. CT Page 11392
On the basis of the testimony, it appears that the Plaintiff is the record owner of two small cottages at Arrowhead Cove in the Town of Salem. These premises have been appraised at $10,000.00. See Plaintiff's Exhibit D-1.
In 1997, the total social security benefits paid to the Plaintiff were $6,129.60. See Plaintiff's Exhibit B-3.
In 1995, the earnings of the Defendant at Electric Boat were $52,672.00 gross, $47,230.00 net. See Plaintiff's Exhibit B-1.
In 1996, the earnings of the Defendant at Electric Boat were $49,051.00 gross, $44,420.47 net. See Plaintiff's Exhibit B-2.
There was a five-year period when the Defendant was out of work at Electric Boat due to an injury and he received Workmen's Compensation payments during that period.
In 1991, the Plaintiff was a patient at Yale New Haven Hospital. Plaintiff's medications are Lodene and Proseset.
Since the date of the marriage the Plaintiff has not applied for Title 19.
The Defendant's appraisal of the Arrowhead Cove property is $27,000.00. See Defendant's Exhibit 3.
The Vauxhall St. property was refinanced twice to pay debts and obligations.
In 1997, the earnings of the Defendant at Electric Boat were $43,322.00 gross, $41,722.00 net. See Defendant's Exhibit 1.
The witness Jeanette Dunn observed discolored bruises and swelling on the Plaintiff's chest on December 19, 1996.
This witness contacted the Division of Children and Family Services out of concern for the two minor children, who are now, and have been, in the care of the Defendant father.
The Defendant, as representative payee, receives $130.00 monthly for each boy, total $260.00, from Social Security.
The minor child Matthew is now age 17-1/2 and is a senior at CT Page 11393 Ledyard Vocational Agricultural School.
The minor child Jonathan is age 15-1/2 and is a sophomore at Ledyard Vocational Agricultural School.
Jonathan recently attended summer school and did well.
The witness Charmaine Czarnecki observed bruises and contusions on the Plaintiff in November and December of 1996.
The witness Durand Khan, father of the Plaintiff, observed bruises on the Plaintiff in December 1996. Durand Khan is willing to assist his daughter financially insofar as the Vauxhall St. property is concerned.
The minor child Matthew hopes to be a veterinarian and is involved in herpetology with snakes, iguanas, etc.
The Defendant is age 41.
The Defendant has diavitulitis and underwent an operation for this condition in November 1996. There are restrictions on the Defendant's diet.
There were frequent arguments in the marriage, most having to do with finances.
The Defendant did considerable remodeling to the two cottages at Arrowhead Cove including plumbing, new wiring and sheetrock.
The Arrowhead Cove premises are free and clear of any encumbrances.
There are three mortgages on the Vauxhall St. property, a first mortgage to Liberty Bank and a second and third mortgage to Citizens Bank.
The balance due on the second mortgage is $2,246.00 and on the third mortgage $11,998.00. See Defendant's Exhibit 1.
Aside from the mortgage debts, the Defendant's financial affidavit reflects debts to Sears, PHS, WPCA, MBNA Visa Platinum, Town of Waterford and counsel to the amount of $23,958.00.
The Defendant has been employed by Electric Boat for 17 years CT Page 11394 and holds the position of engineering assistant.
The Arrowhead Cove cottages were purchased five or six years ago for $23,000.00.
The Vauxhall St. property was purchased in 1982 for $53,000.00.
Refinancing proceeds from mortgage rewrites on Vauxhall St. paid for a remodeled kitchen, a pool, a deck and remodeled bedrooms.
The Defendant's education extends through high school only.
The Defendant has medical coverage for the two boys through his employment.
The Defendant received income tax refunds due to over withholding in the last three years as follows:
1995 — $4,770.00 refund
1996 — $4,394.00 refund
1997 — $4,254.00 refund
None of the mortgages on the Vauxhall St. property are currently being paid.
The Defendant currently has a relationship with a friend.
Both Matthew and Jonathan are in good health and doing well in school.
The Court-appointed guardian ad litem, Ingrid Cormier, testified in the proceedings.
The Guardian first was contacted by the Plaintiff in April 1997.
The Guardian has had counseling sessions with both boys, but has been more intensively involved with Jonathan, who had problems of truancy and other matters, which appear now to have been overcome. CT Page 11395
The Guardian has advised the Court that both the Plaintiff and Defendant have been involved in parenting sessions, the boys have been involved in scouting, and have an appreciation of what is right and wrong.
The Defendant's current weekly gross income is $690.98 and a weekly net of $540.75.
As concerns the Vauxhall St. property, the Court finds from the testimony and the financial affidavits of the parties the following:
Vauxhall St. property appraised at $138,000.00
mortgage debts
1st mortgage Liberty Bank — $97,926.00
2nd mortgage Citizens Bank — $ 2,246.00
3rd mortgage Citizens Bank — $11,998.00
Total mortgage debt $112,170.00
Equity $25,830.00
mortgage to Liberty Bank in default since June 1998
The specter of foreclosure and/or bankruptcy looms large.
 Discussion
The physical problems that beset the Plaintiff are certainly distressing. Reference to Plaintiff's Exhibits A1 and A4, plus the Court's observations during the trial of the Plaintiff, and her ability to move about.
Plaintiff's prospects healthwise are, in the opinion of the Court, bleak.
The Court feels that there are few, if any, realistic opportunities for employment for the Plaintiff.
There has been emotional turmoil for the Plaintiff resulting from problems in the marriage and its effect on the relationship CT Page 11396 she has with the two boys.
The Plaintiff accuses the Defendant of the immoderate use of spirits, although the evidence on that point is unclear.
The boys residing with their father and lack of easy, open contact between the boys and the Plaintiff, she having been in a safe house has created further problems.
The situation is also fraught with immediate problems financial due to the delinquency to the banks and the prospect of foreclosure.
The Court further finds that it has jurisdiction over the action as well as both of the parties.
There is no issue as to military service.
The requisite time interval has elapsed since the complaint was brought and there are no statutory stays in effect.
 The Law
The Court has considered all of the statutes which apply in matters of this nature which include without limitation C.G.S. § 46b-56 et seq., regarding custody and visitation, C.G.S. § 46b-62 regarding attorney's fees, C.G.S. § 46b-81
regarding property distribution, C.G.S. § 46b-82 regarding alimony, C.G.S. § 46b-84 regarding child support. The Court has considered all of the applicable case law that govern the matter.
The Court has considered the testimony of the parties and all exhibits and the arguments of counsel.
The Court enters the following orders.
There shall be joint legal custody of the two minor boys, Matthew Lacoss born May 25, 1981 and Jonathan Lacoss born May 3, 1983.
The primary custodial parent shall be the Defendant husband mindful of the testimony of the Guardian ad litem that the boys are emotionally bonded to their father and based on the Guardian's recommendation to the Court to that effect. CT Page 11397
The Defendant is to provide medical and dental coverage for the children as available through his employment.
Even if not available through his employment, the Defendant is to be responsible for all medical and dental coverage.
The Defendant shall be responsible for any uncovered medical and dental expenses for the minor children.
The Plaintiff and the Defendant are in accord with the Defendant being the primary custodial parent.
No order of child support is entered in view of the foregoing, the Plaintiff manifestly being in no position at this time to pay any order of support.
The Defendant shall provide health insurance for the Plaintiff as available through Cobra for three years.
The Defendant shall be responsible for the payment of the premiums for such coverage.
The Defendant shall pay the Plaintiff periodic alimony in the amount of $150.00 a week.
The Defendant shall pay the further weekly sum of $25.00 weekly until the current alimony arrearage of $1,300.00 is liquidated.
The alimony payments shall continue until the Plaintiff's remarriage or death.
As to visitation, the Plaintiff shall be allowed reasonable and liberal visitation with the children as worked out by the Plaintiff and the children, mindful of their ages.
The children shall be encouraged to spend time with their mother and neither party shall speak despairingly of the other nor discuss the circumstances of the dissolution in the presence of the children.
The Defendant shall be entitled to take the children as exemptions and dependents for all State and Federal tax purposes. CT Page 11398
The Defendant shall convey all of his rights, title and interest in and to the real estate known as 587 Vauxhall Street Ext., Waterford to the Plaintiff by appropriate deed.
The Defendant shall have 60 days from and after the conveyance to seek other accommodations for himself and the minor children.
The Defendant shall be responsible for all expenses at the Vauxhall St. property until he vacates the same.
The Plaintiff, after transfer, shall be responsible for all expenses including the three mortgages and hold the Defendant harmless therefrom.
The Court enters this order in part mindful of the representation of the Plaintiff's father that he will assist her financially in order to save the property from foreclosure and to try and preserve the home for herself and for a proper place for visitation with the children.
The Plaintiff may retain her interest in the Arrowhead Cove cottages mindful that record title apparently stands in her name alone.
The parties may retain those items of personal property in their possession.
At such time as the Defendant vacates the Vauxhall St. property however, he shall leave said premises sufficiently furnished to permit occupancy by the Plaintiff, including telephone, with design for person with disability, entertainment center, small TV, VCR, bedroom set, photographs, camera, exercise equipment.
The Plaintiff shall retain all right, title and interest in and to the 1990 Caravan motor vehicle.
The Defendant shall retain all right title and interest in and to the 1985 Dodge Ram and the 1985 Reliant motor vehicle.
Defendant may retain all of his tools.
 Pension Benefits
CT Page 11399
The Plaintiff shall be entitled to a portion of the Defendant's monthly retirement payment earned through his employment at Electric Boat as follows: the Plaintiff's portion shall be one-half of the figure obtained by dividing the number of years during the marriage that the Defendant accumulated pension benefits by the total number of years in which the Defendant accumulated such benefits during his employment at Electric Boat. The parties shall prepare a Qualified Domestic Relations Order for such payment and submit it to the Court for review and entry.
SSIP, 401k: The Plaintiff shall be entitled to receive 50 percent of the value of the Defendant's SSIP and the Defendant's 401k plan, both to be valued as of the date of the parties' dissolution.
 Debts
The Plaintiff shall be responsible for the debts listed on her financial affidavit and the Defendant shall be responsible for the debts shown on his affidavit.
The Plaintiff may have her maiden name restored so that henceforth she shall be known as Maureen J. Khan.
Each party to be responsible for their respective attorney's fees.
There shall be mutual restraining orders so that neither party shall threaten, harass, assault or attack the other and from entering the dwelling of either except on express request and invitation to do so.
In structuring these orders, the Court is only too well aware of the overall difficult financial situation, the prospect of foreclosure on the home, the necessity for a stable home environment for the minor boys, the lack of substantial capital assets to resort to and the medical and physical problems of the Plaintiff.
The Court has tried to provide some degree of stability for the Plaintiff and yet be mindful of the burdens on the Defendant who will be caring for and supporting himself and the children.
The Court recognizes the financial difficulties which beset CT Page 11400 the Defendant, especially with his being the custodial parent who must try and provide as much as possible for Matthew and Jonathan.
It may be that the Vauxhall St. property will be lost in foreclosure, but the Court wants the Plaintiff to have the chance to salvage it, if possible, with her family's help.
The assets and resources available to the Court in trying to fashion reasonable orders have been meagre.
The marriage is dissolved on the grounds of irretrievable breakdown (C.G.S. § 46b-40c).
Austin, JTR